Denio, J.
It is unnecessary to. pass upon the ruling by which evidence was admitted to show the custom of brokers to sell and hypothecate stock held by them as security on advances; and we do not give any judgment upon that question. There was no evidence that the defendant had ever disposed of the stock which he had purchased for the plaintiff. If the case had been decided by a jury, it may be that we could not say that they were not influenced by this evidence; but as there was a nonsuit in the case, we ought to look at the facts properly in evidence to ascertain whether the judgment was warranted. The other .evidence objected to, seems to us to have been properly received. The practice at the stock board, by which the brokers only, and not their customers, are known in their dealings with each other, was not unreasonable; and the plaintiff, by directing this purchase to be made, must be understood as consenting that it should be done in the usual manner. Ho breach of duty was committed by the defendant, therefore, in making the purchase in his own name. As he was to hold the shares as security for the balance of the purchase money which he had advanced, it was proper, and entirely consistent with the nature of the transaction, that he should take the title in his own name. This was necessary, moreover, for his safety; for if default should *173 be made, he would have a right to sell it to reimburse himself, and he would be obliged, in that event, to give a title to the purchaser from him: and we do not see anything unlawful in his transferring it to his clerks, if it remained under his control, "and if he was ready, when called on by the plaintiff, to transfer it to him upon the advance being paid. We suppose it would have been his duty to have procured transfers- to the plaintiff, if the transfer office had remained in Hew York, when the plaintiff paid the balance of the price; but the failure of the company, and the ■ removal of the office, excused him from "the performance of that act. We can see nothing, therefore, in the conduct of the defendant to render him liable to the plaintiff - for the money which the latter had chosen to invest in his stock. .
The plaintiff had no interest in having his shares kept separate from the mass of the defendant’s- stock. One share was precisely equal in value to every other share. Chancellor Kent said, in a case precisely similar in-principle, that.it. was sufficient if the defendant always had the requisite quantity of shares on hand, and that the law would- presume that the shares so on hand from time to time were the shares deposited, because the parties had not reduced them to any . more certainty. (Nourse v. Prime, 4 John. Ch., 490; S. C., 7 id., 69.)
The judgment of the Superior Court must.be -affirmed; -
All the judges concurring,
Judgment affirmed.